RECEIVED APR 2005

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EILEEN AHERN,
MAUREEN MASTALERZ,
DEBRA AUGER,
LYNDA PARKER
Plaintiff,

v. CA No.: 05 117 ML

JIM NICHOLSON,
Secretary, Department of
Veterans Affairs,
Defendant

FIRST AMENDED COMPLAINT

1. This action is a complaint of employment discrimination practiced at the Providence Veterans Administration Medical Center based on gender and brought under 42 U.S.C. §§1981 and 1983 and 42 U.S.C. § 2000e *et seq.*

2. The Plaintiffs are seeking a declaration that the Providence Veterans Medical Center (Hereinafter "PVAMC") engaged in gender discrimination and retaliation and reprisal against the Plaintiffs for complaining about discrimination, and maintained a hostile working environment for these Plaintiffs in the Radiology Department.

3. The Plaintiffs are seeking injunctive relief to restore them to the status ante, along with lost wages and benefits of employment that occurred as a result of the above discrimination, effects of discrimination and hostile environment.

JURISDICTION, VENUE, AND PARTIES

4. This Court has jurisdiction pursuant to 42 U.S.C. § 2000e, *et seq.* Venue is proper as the discrimination against the Plaintiff occurred in the Federal District of Rhode Island.



4

5. Plaintiffs are all female, and are, or were, employed in the radiology department of the PVAMC. Plaintiffs Maureen Mastalerz and Lynda Parker are no longer employed at the PVAMC, while Plaintiffs Ahern and Auger remain employed by the PVAMC but are out on Workmans Compensation from injuries sustained by the actions of the PVAMC which led to this complaint. All plaintiffs are citizens of the United States.

6. After multiple fruitless attempts to resolve the issue and obtain relief using the administrative process available to the Plaintiffs at the PVAMC, Plaintiffs Maureen Mastalerz and Debra Auger filed a formal complaint with the Equal Employment Opportunity Office of the Veterans Administrations' Office of Resolution Management on September 17, 2004, Plaintiff Eileen Ahern on September 22, 2004 based on the discrimination and hostile environment rampant in their department at the PVAMC.

7. Ms. Ahern and Mastalerz received notices of a final agency decision on December 22, 2004. It has been more than one-hundred and eighty days since Ms. Auger and Ms. Parker filed their formal complaint without resolution. They are thus properly before This Court either having exhausted administrative remedies or otherwise complied with the directives of the Equal Employment Opportunity office in the Office of Resolution Management of the Department of Veterans Affairs.

8. The Defendant, Jim Nicholson, is the Secretary of the United States Department of Veterans Affairs, a United States Agency which is responsible for the management of personnel at the PVAMC.

9. Mehrdad Khatib is a male, and is, or was the Administrative Officer of the radiology

department of the PVAMC.

## FACTS RELEVANT TO ALL CLAIMS

10. Plaintiffs Ahern, Auger, Mastalerz and Parker were or are all full time permanent employees in good standing in the radiology department at the PVAMC prior to May 3, 2003.

11. On or about May, 2003, Mehrdad Khatib (hereinafter "Khatib") expressed that he would rather have the male radiology technicians that worked at the hospital across the street from the PVAMC work for him rather than the women he had working for him.

12. On or about September 12, 2003 Khatib attempted to hire a male technician at a grade that would be a promotion without going through the process of updating a position discription and then posting the position so that others could apply.

13. Khatib engaged in numerous threatening contacts with the Plaintiffs at all times relative to the events in this complaint.

14. Sometime on or about September 12, 2003, Khatib referred the male employee he had tried to hire before to an employment agency so that Khalib could hire him at a higher salary than he would have been able to hire him as a Veterans Administration employee.

15. Khatib then hired the male employee as a contract employee. Soon after he placed this employee in the role as a *de facto* "charge" tech, who supervised and scheduled the activities of the Plaintiffs, who were not only full time VA employees and had more seniority than the male contract employee, but were all capable of taking the "charge" tech position.

16. Khatib soon after hired other male contract employees through employment agencies.

17. Plaintiffs tried to complain to their superiors about hostile treatment by Khatib, however, he would always find out and treat the Plaintiffs worse, doing such things as changing their schedules without notice, making their work unmanageable by scheduling patients in impossible numbers, and yelling at them in public or constantly criticizing their work, and coercing them.

18. On or about January 22, 2004, the Plaintiffs called a staff meeting with Khatibs' supervisor, who was also a women, to complain about Khatibs' behavior toward them. Khatib burst into the room, broke up the meeting, then demanded to know what was said about him, and by whom it was said.

19. The Plaintiffs eventually sought EEOC intervention and counseling, and eventually filed the above referenced complaints.

20. On information and belief, Khatib knew about the complaints against him and stepped up his active hostility toward the Plaintiffs, citing them for any infractions that he could find, badgered them about taking leave, threatened them with administrative action for taking leave, and accusing them of things like stealing and charging them with leaves of absence, even though he knew they would be off, and withheld call.[1]

21. At no time were any male radiology department employees treated in the same manner as the Plaintiff's who were all females. Khatib was often seen laughing and

---

[1] "Call" is where a tech is "on call" to come in after regular hours if needed, usually paid at time and a half if they get called in. The contract techs got all the call, the Plaintiffs were not allowed to.

joking around with the male employees, his demeanor much different with the male techs.

22. Plaintiff Ms. Mastalerz went out on leave because of the stress she endured under Khatib. When she returned, Khatib failed to restore her, despite a valid letter of fitness for duty from her physician. When she returned she was denied call, which would have allowed her to make extra money, and she was given a letter of reprimand by Khatib for some alleged breach of conduct. She finally was forced to resign as a result of the badgering of Khatib. She incurred medical expenses, lost sick time, vacation time, pension and wages as a result of having to be away from work because of her treatment at the PVAMC, and she was constructively terminated from her position at the PVAMC.

23. Plaintiff Ms. Ahern went out on family leave due to the hostile conduct of Khatib. She too breifly tried to return, but was soon treated badly by Khatib, who accused her of stealing government documents. She is now out on Workers Compensation. She incurred medical expenses, lost sick time, vacation time, pension and wages as a result of having to be away from work because of her treatment at the PVAMC.

24. Plaintiff Debra Auger is currently out on Workers Compensation because of her treatment by the PVAMC. She incurred medical expenses, lost sick time, vacation time, pension and wages as a result of having to be away from work because of her treatment at the PVAMC.

25. Plaintiff Ms. Parker was denied opportunities to cross train, be on call, was continuously harassed and suffered reprisal by Khatib for complaining about her

treatment by Khatib to his superiors, and was constructively terminated when she was forced to resign from her position at the PVAMC.

COUNT I

INTENTIONAL GENDER DISCRIMINATION

26. Khatib intentionally discriminated on the basis of gender when he intentionally sought to hire more male radiology techs as opposed to the female techs he had, and hired more male contract techs than females.

27. Khatib intentionally discriminated on the bases of gender when he decided to direct a male applicant to an employment agency because he didn't feel that the position paid enough for the male applicant, and he wouldn't post a higher paid position that a female tech who was more senior may have gotten.

28. Khatib intentionally discriminated on the bases of gender when he hired that male contract tech at a contract salary that was higher than the salaries that the Plaintiff s received as permanent VA employees.

29. Khatib intentionally discriminated on the bases of gender when he appointed the male contract tech to be in charge of the Plaintiffs, and he told them that they had to report to the contract tech, despite the fact that they were all permanent employees and senior to that tech, and all could have functioned in the charge position.

30. That as a direct and proximate cause of the Defendant's intentional discrimination the Plaintiffs suffered damages.

## COUNT II

## GENDER DISCRIMINATION

31. Khatib discriminated on the basis of gender when he intentionally sought to hire more male radiology techs as opposed to the female techs he had, and hired more male contract techs than females,

32. Khatib discriminated on the bases of gender when he decided to direct a male applicant to an employment agency because he didn't feel that the position paid enough for the male applicant, and he wouldn't post a higher paid position that a female tech who was more senior may have gotten.

33. Khatib discriminated on the bases of gender when he hired that male contract tech at a contract salary that was higher than the salaries that the Plaintiff s received as permanent VA employees.

34. Khatib discriminated on the bases of gender when he appointed the male contract tech to be in charge of the Plaintiffs, and he told them that they had to report to the contract tech, despite the fact that they were all permanent employees and senior to that tech, and all could have functioned in the charge position.

35. That as a direct and proximate cause of the Defendant's discrimination the Plaintiffs suffered damages.

## COUNT III

## HOSTILE WORK ENVIRONMENT

36. Khatib created a hostile work environment where he treated male techs well and was constantly elevating them above the female techs. He placed a contract tech as charge, and told the plaintiffs, all women, that they would have to report to him.

37. While Khatib was laughing and joking around with the male contract techs, he was constantly talking harshly at and threatening the Plaintiffs, all females, increasing their workload, and threatening to change changing their working hours.

38. The hostile environment created by Khalib was severe and pervasive enough to cause the Plaintiffs to either resign, or go out on sick leave. All Plaintiffs suffered emotional distress as a result of the hostile environment created by Khatib.

39. That as a direct and proximate cause of the Defendant causing a hostile environment, the Plaintiffs suffered damages.

## COUNT IV

## RETALIATION/REPRISAL FOR GREIVANCES AND EEO ACTIVITY

40. When Plaintiffs would complain to Khatibs' superiors, Khalib would find out and the hostile treatment would become worse, as he would pick on and threaten the Plaintiffs.

41. When Khalib found out that the Plaintiffs had filed formal complaints against him, he became more agitated and hostile with the Plaintiffs, threatening them by getting uncomfortably close to them and talking at them through gritted teeth.

42. That on January 22, 2004, Khatib broke up a meeting that Plaintiffs were having with Khatib's supervisor regarding his behavior toward them, then demanded the tape of the

meeting and demanding to know who had complained about him, and what they had said.

44. That as a direct and proximate cause of the Defendant's retaliation and reprisal the Plaintiffs suffered damages.

## RELIEF REQUESTED

WHEREFORE, the Plaintiffs pray for the following relief from This Court:

(a) Declare that the Defendant has illegally intentionally discriminated or otherwise discriminated against the Plaintiffs on the bases of gender;

(b) Order the Defendant to cease gender discrimination in the radiology department at the PVAMC, and restore the Plaintiffs to the positions they held before they were discriminated against;

(c) Award the Plaintiffs damages for all lost income, benefits, terms and conditions of employment, and / or other adverse impacts;

(d) Award all costs and attorneys' fees pursuant to 42 U.S.C. §§ 1981, 1983, 2000e *et seq.*; and

(e) Order such other relief as the Court or jury may deem just and appropriate.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues that may be considered by a jury.

Respectfully Submitted,

Thomas E. Folcarelli #6393
94 Warner Street
Newport, RI 02840
401.619.0166
Fax: 401.274.2480
Counsel for Plaintiffs Eileen Ahern,
Maureen Mastalerz, Debra Auger
And Lynda Parker