IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EILEEN AHERN, MAUREEN MASTALERZ,
DEBRA AUGER, LYNDA PARKER
Plaintiffs,

v. CA No.: 05-117 ML

JIM NICHOLSON, Secretary
Department of Veterans Affairs
Defendant

MOTION TO AMEND FIRST AMENDED COMPLAINT

Now come the Plaintiffs to move this Honorable Court to grant leave to amend their complaint to remove claims alleging breaches of 42 U.S.C. §§ 1981, 1983, and allow the Plaintiffs to revise the complaint to more accurately reflect the Plaintiffs' true claims of employment discrimination under Title VII, 42 U.S.C. 2000(e) *et seq.*

The Plaintiffs hereby aver that the purpose of the amendment of this complaint is in the interest of justice, and there is no dilatory motive, no bad faith, there is no intent cause undue delay, or unduly prejudice the Defendant in this Case.

Respectfully Submitted,

Thomas E. Folcarelli #6393
94 Warner Street
Newport, RI 02840
401.619.0166
Fax: 401.274.2480
Counsel for Plaintiffs Eileen Ahern, Maureen Mastalerz, Lynda Parker and Debra Auger

# CERTIFICATION

I hereby certify that on this 30th Day of June 2005 I did cause a true copy of The Second Amended Complaint and the Motion and Memo contained within to be sent by certified mail to: United States Attorney General, US DOJ, 950 Pennsylvania Ave. NW, Washington, DC 20530; and to Office of General Counsel, Dept Vet Affairs, 810 Vermont Ave. NW, washington, DC 20420; and to Civil Process Clerk, US Attorney for the Disrict of RI, 50 Kennedy Plaza, Providence, RI 02903

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EILEEN AHERN, MAUREEN MASTALERZ,
DEBRA AUGER, LYNDA PARKER
Plaintiffs,

v. CA No.: 05-117 ML

JIM NICHOLSON, Secretary
Department of Veterans Affairs
Defendant

MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO AMEND FIRST AMENDED COMPLAINT

In March of 2005, three of the Plaintiffs in the above referenced case filed a complaint of employment discrimination against the United States Agency The Department of Veterans Affairs related to discriminatory employment practices at the Providence Veterans Medical Center. The complaint included claims related to 42 U.S.C. §§ 1981 and 1983.In April of 2005, before the Defendant answered the complaint, the Plaintiffs filed, as is their right under Rule 15(a) of the F.R. Civ. P., an amended complaint naming a fourth Plaintiff, Ms. Parker, who was similarly situated to the other Plaintiffs and whose claim had matured after the original complaint was filed. The Motion to amend the original complaint was granted by This Honorable Court. The First Amended Complaint, however, still contained claims related to 42 U.S.C. §§ 1981 and 1983.

As Title VII of 42 U.S.C. § 2000(e) *et seq.* is the exclusive remedy of claims for employment discrimination by Federal Employees, *Neves v. Kolaski,* 602 F.Supp. 645, 648, the Plaintiffs now need to further amend their complaint to reflect the fact that they are only entitled to be remedied upon their Title VII claims. The Plaintiffs therefore are

now asking leave to amend the complaint to drop the 1981 and 1983 claims and to clarify their Title VII claims.

After a first amended complaint, or after a defendant answers a complaint, Rule 15(a) of the F.R.Civ.P allows a complaint to be amended only by leave of the court or by written consent of the adverse party. Such leave is to be freely given when justice so requires.

Justice is so required to freely give consent to amend a complaint unless the Defendant can show that they are unfairly prejudiced by the grant to amend a complaint. *Pendley v. Komori Printing,* 1990 U.S. Dist. LEXUS 1800 (DCRI 1990) *See* HN3 (citing *Foman v. Davis,* 371 U.S. 178 (1962) "...if the underlying facts or circumstances relied upon by plaintiff may be a proper subject of relief, he ought to be afforded the opportunity to test his claims on the merits."

*Pendley* at 1800 cites *Foman* at 182 as stating that leave should be freely given to amend a complaint absent any showing of a bad faith or dilatory motive on the part of the movant, undue delay, repeated failure to cure the deficiencies by amendments previously allowed, undue prejudice to the adverse party by virtue of allowance of the amendment, or futility of the amendment.

There is no ulterior bad faith or dilatory motive that can be discerned from this amended pleading. It is simply being amended to clarify the facts and claims which will entitle these Plaintiffs to relief. It is unlikely that the Defendant would be able to show any of the deficiencies listed above, and as it is likely the Defendant may agree to the amendments to the Pleading as amended, the motion to admit this Second Amended Complaint should be granted.

Respectfully Submitted,

Thomas E. Folcarelli #6393
94 Warner Street
Newport, RI 02840
401.619.0166
Fax: 401.274.2480
Counsel for Plaintiffs Eileen Ahern, Maureen Mastalerz, Lynda Parker and Debra Auger

CERTIFICATION

I hereby certify that on this 30th Day of June 2005 I did cause a true copy of The Second Amended Complaint and the Motion and Memo contained within to be sent by certified mail to: United States Attorney General, US DOJ, 950 Pennsylvania Ave. NW, Washington, DC 20530; and to Office of General Counsel, Dept Vet Affairs, 810 Vermont Ave. NW, washington, DC 20420; and to Civil Process Clerk, US Attorney for the Disrict of RI, 50 Kennedy Plaza, Providence, RI 02903