IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| Eileen Ahern, Maureen Mastalerz, Debra Auger, and Lynda Parker, Plaintiffs, | |
| v. | C.A. NO. 05-117ML |
| Jim Nicholson, Secretary, Department of Veterans Affairs, Defendant. | |

**ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**

Defendant, Jim Nicholson, Secretary, Department of Veterans Affairs (hereinafter referred to as "Secretary" or "Defendant"), by his undersigned attorneys, hereby Answers Plaintiffs' First Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiffs Ahern, Mastalerz, Auger, and Parker have failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs failed to comply with the applicable regulations regarding time limits for EEO complaints in that they failed to contact an EEO counselor within 45 days of the allegedly discriminatory acts and failed to wait 180 days after filing formal EEO complaints before filing suit in federal court.

**THIRD DEFENSE**

Plaintiffs Mastalerz failed to exhaust her administrative remedies in that she filed her complaint in the United States District Court less than 120 after filing her formal complaint regarding her reprimand and alleged constructive discharge.

**FOURTH DEFENSE**

Defendant denies that any of its employees discriminated against Plaintiffs on the basis of their sex.

**FIFTH DEFENSE**

Defendant denies that any of its employees retaliated against Plaintiffs for any protected activity.

**SIXTH DEFENSE**

Defendant denies that any of its employees created a hostile working environment for Plaintiffs.

**SEVENTH DEFENSE**

Defendant denies that a Reprimand is an adverse employment action.

**EIGHTH DEFENSE**

Defendant denies that any of the Plaintiffs were constructively discharged.

**NINTH DEFENSE**

All actions allegedly taken by the Department of Veterans Affairs against Plaintiffs concerning their employment were based on legitimate non-discriminatory reasons. Further, all alleged actions taken by the Department of Veterans Affairs against the Plaintiffs were taken in good faith and did not violate any Federal or State law which prohibits discriminatory conduct.

**TENTH DEFENSE**

Title VII is the exclusive remedy for employment discrimination claims by federal employees.

**ELEVENTH DEFENSE**

This Court does not have jurisdiction over Plaintiffs' claims under 42 U.S.C. §§ 1981 and 1983 against the defendant.

**TWELFTH DEFENSE**

In response to the specific numbered allegations contained in Plaintiffs' First Amended Complaint, Defendant states as follows:

1. The allegations set forth in the paragraph 1 of the First Amended Complaint constitute plaintiffs' characterizations of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

2. The allegations set forth in the paragraph 2 of the First Amended Complaint constitute plaintiffs' characterizations of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

3. The allegations set forth in the paragraph 3 of the First Amended Complaint constitute plaintiffs' characterizations of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

[Jurisdiction, Venue, and Parties]

4. Admit that this Court has venue, otherwise deny.

5. Admit that Plaintiffs are female and that they are or were previously employed in the Radiology Department of the Providence Veterans Administration Medical Center (PVAMC). Defendant has insufficient information to either admit or deny the allegation that Plaintiffs are citizens of the United States. All other allegations in this paragraph are denied.

6. Admit that Plaintiffs Mastalerz, Auger, and Ahern filed formal complaints with the VA's Office of Resolution Management on September 17, 2004, September 17, 2004, and September 22, 2004, respectively. Plaintiff Mastalerz attempted to amend her formal complaint and ORM subsequently accepted that as a second formal complaint on February 17, 2005. All other allegations in this paragraph are denied.

7. Admit that the VA's Office of Resolution Management forwarded Final Agency Decisions dated December 22, 2004 to Plaintiff Mastalerz and December 30, 2004 to Plaintiff Auger, but deny that the Mastalerz decision resolved her claims concerning the reprimand or constructive discharge. Defendant has insufficient information to either admit or deny the allegation as to when Plaintiffs Mastalerz and Auger received those decisions. All other allegations in this paragraph are denied.

8. Admit that R. James Nicholson is the Secretary of the United States Department of Veterans Affairs. All other allegations in this paragraph are denied.

9. Admit.

[Facts Relevant to All Claims]

10. Admit, except for the allegation that plaintiffs were "in good standing," which is to vague to either admit or deny.

11. Deny.

12. Deny.

13. Deny.

14. Deny.

15. Admit that a contract employee was hired by the Department of Veterans' Affairs. All other allegations in this paragraph are denied.

16. Deny.

17. Deny.

18. Deny.

19. Deny that Plaintiffs appealed their cases to the EEOC, otherwise Admit.

20. Deny.

21. Deny that male employees were treated differently than female employees. Defendant has insufficient information to either admit or deny the remainder of the allegations in paragraph 21.

22. Admit that Plaintiff Mastalerz went out on leave and subsequently received a Letter of Reprimand. All other allegations in this paragraph, including allegations regarding causation, are denied.

23. Admit that Plaintiff Ahern went out on leave. All other allegations in this paragraph, including allegations regarding causation, are denied.

24. Deny.

25. Deny.

[Count I]

[Intentional Gender Discrimination]

26. Deny.

27. Deny.

28. Deny.

29. Deny.

30. Deny.

[Count II]

[Gender Discrimination]

31. Deny.

32. Deny.

33. Deny.

34. Deny.

35. Deny.

[Count III]

[Hostile Work Environment]

36. Deny.

37. Deny.

38. Deny.

39. Deny.

[Count IV]

[Retaliation/Reprisal For Grievances and EEO Activity]

40. Deny.

41. Deny.

42. Deny.

44.[1] Deny.

[Relief Requested]

---

[1] The First Amended Complaint does not contain a paragraph numbered 43.

The allegations set forth in the paragraph beginning "WHEREFORE" of Plaintiffs' First Amended Complaint constitute plaintiff's prayer for relief to which no response is required. To the extent a response is deemed necessary, the allegations are denied and defendant further denies that the Plaintiff is entitled to judgment against Defendant by means of a declaratory judgment, mandatory injunction, damages, attorney fees, or any other form of relief.

WHEREFORE, the Defendant respectfully requests that this Court deny Plaintiffs First Amended Complaint and enter an order granting judgment for Defendant and awarding Defendant its costs herein, along with such other and further relief as is just and proper.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ANTHONY C. DiGIOIA #2495
Assistant United States Attorney
Fleet Center, 8th Floor
50 Kennedy Plaza
Providence, Rhode Island 02903
(401) 709-5000
(401) 709-5017 (fax)

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following by first-class, postage prepaid mail on the 12th day of July, 2005.

Thomas E. Folcarelli, Esq.
12 Newport Avenue
Newport, RI 02840