RECEIVED
JUN 30 2005
U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EILEEN AHERN, MAUREEN MASTALERZ,
DEBRA AUGER, LYNDA PARKER
Plaintiffs,

v. CA No.: 05-117 ML

JIM NICHOLSON, Secretary
Department of Veterans Affairs
Defendant

SECOND AMENDED COMPLAINT

1. This Civil Action (hereinafter "CA") is a complaint of employment discrimination as it is, and has been practiced at the Providence Veterans Affairs Medical Center (hereinafter "PVAMC".)

2. This CA is brought under Title VII, 42 U.S.C. § 2000e et seq.

3. This CA specifically alleges discrimination on the basis of gender where the PVAMC discriminated against the four Plaintiffs by illegally and discriminatorily: favoring male employees over female employees with regard to:

a) hiring

b) pay

c) promotions

e) job opportunities

f) benefits

4. The PVAMC then engaged in reprisal and retaliation against the Plaintiffs when the Plaintiffs acted in protected activities in opposition to the discriminatory policies of the PVAMC.

5. The Plaintiffs, all females, complain that their supervisor, a male, discriminated

against them, knowing they were females, yet acted to discriminate against them in violation of Title VII, on the basis of gender when he:

a) intentionally hired male employees rather than female employees,

b) treated the male employees better than the female employees,

c) paid the male employees more than the Plaintiffs for the same job,

d) placed a temporary male employee in charge over the Plaintiffs who were all female and as permanent employees were all more qualified for the charge position,

e) engaged in reprisal and retaliation for the Plaintiffs opposition and engagement in protected activities, i.e.:

aa) complaining to higher management, about his discriminatory practices,

bb) filing EEOC complaints against discriminatory employment practices.

JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to Title VII, 42 U.S.C. § 2000e et seq. Venue is proper as the discrimination against the Plaintiffs occurred in the Federal District of Rhode Island.

7. The Plaintiffs have all filed Equal Employment Opportunity (hereinafter "EEO") complaints with the Department of Veterans Affairs (hereinafter "DVA".) Plaintiffs Ahern and Mastalerz received final agency decisions on their complaints with right to sue letters. Plaintiffs Auger and Parker are eligible to sue because more than one-hundred and eighty days since they had filed their complaints without resolution of their claims.

PARTIES

8. The United States Department of Veterans Affairs (hereinafter "DVA") is the Federal Administrative Agency that administrates employment practices at the PVAMC.

9. Jim Nicholson is the present Secretary of the DVA and must be named Defendant in all CA against the DVA.

10. The four Plaintiffs are all females, and are, or were, all employed at the PVAMC in the Radiology Department as "Techs."

11. Mehrdad Khatib (hereinafter "Khatib") was the first line supervisor of all four Plaintiffs at the PVAMC.

## FACTS RELATIVE TO ALL CLAIMS

12. Sometime in May 2003 Khatib expressed that he would rather start hiring male employees to work for the PVAMC Radiology Department rather than females.

13. Khatib started hiring more males than females by hiring them on contract so he could pay them at a higher rare than the Plaintiffs.

14. On September 12, 2003 Khatib attempted to hire a male technician at a grade that would have been a promotion without going through the process of updating a position description and then posting a position so that the Plaintiffs could have applied for that position.

15. On or about that same day Khatib hired that same male technician (Chris Stokes, hereinafter "Chris") on contract, paying him a higher wage than any of the Plaintiffs.

16. Soon after hiring Chris, Khatib placed him in charge of the Plaintiffs, all females who were full time employees and capable of being in charge.

17. Khatib soon hired other male employees on contract rather than as full time employees, and they were paid at a higher rate than the Plaintiffs were.

18. The Plaintiffs tried to complain to Khatib's superiors about his behavior.

19. Khatib would find out and engage in retaliatory acts.

20. Khatib would continually cite the Plaintiffs for any infraction that he could find, and engaged in continuous harassment and humiliation toward the Plaintiffs in front of other staff and employees.

21. Khatib denied the Plaintiffs opportunities for advancement such as refusing to let Ms. Parker train as a CAT Scan Tech.

22. Khatib, in retaliation made working conditions harder to force the Plaintiffs to resign.

23. Khatib, in retaliation, interfered with the Plaintiffs taking medical leave.

24. Khatib, in retaliation, interfered with the Plaintiffs returning from medical leave.

25. Khatib, in retaliation, interfered with the Plaintiffs opportunities for overtime.

26. Khatib could frequently be seen hanging around with the male employees, laughing and joking, while also frequently dragging the Plaintiffs and other female employees in his office so that he could berate them about one supposed infraction or another.

27. On at least one occasion, when the Plaintiffs were attempting to complain to Kahatibs' supervisor, who was also a female, Khatib rushed into the meeting, broke the meeting up, and demanded a tape from the meeting so he could know what was said at the meeting.

28. Khatib's constant harassing and humiliating behavior resulted in three of the Plaintiffs having to take stress leave, two of the Plaintiffs remain out on stress leave; and the constructive discharge of two of the Plaintiffs. In addition there are two other females who were permanent employees, not Plaintiffs in this suit, who have been constructively discharged by the actions of Khatib

COUNT I

DISCRIMINATORY HIRING

29. Khatib discriminated against the Plaintiffs when he decided that he was going to hire more males than females because he liked working with males better, and then hired males.

COUNT II

DISCRIMINATION IN PAY AND BENEFITS

30. Khatib discriminated against the Plaintiffs by paying male employees more than female employees for the same job.

COUNT III

DISCRIMINATION IN PROMOTION

31. Khatib discriminated against the Plaintiffs by placing Chris in charge over them even though they were permanent employees and Chris was a temporary employee, and they were all qualified for the position.

32. Khatib discriminated against the Plaintiffs by hiring Chris into a position that all the Plaintiffs would be qualified for and did not update and post the position, but hired Chris into that position.

COUNT IV

DISCRIMINATION BY REPRISAL AND RETALIATION

33. Khalib knew that the Plaintiffs were engaged in protected activities i.e., grievances, EEO complaints, and initiated employment actions disadvantaging the Plaintiffs, and his initiation of the adverse employment actions were because of the Plaintiffs engaging in protected activity.

COUNT V

CONSTRUCTIVE DISCHARGE

34. Khatib continued to engage in illegal discriminatory conduct with unceasing harassment and humiliation of the Plaintiffs (as well as two other female employees, not these Plaintiffs but similarly situated), the Plaintiffs are all reasonable persons, and could not tolerate Khatibs' behavior any more. Three of the Plaintiffs ended up on stress leave where they were still harassed by Khatib, all of the Plaintiffs are not working at the PVAMC at this time.

WHEREFORE, the Plaintiffs pray for the following relief from This Court:

(a) Order the Defendant to cease gender discrimination in the Radiology Department at the PVAMC;

(b) Order reinstatement of the Plaintiffs to their former positions with back pay and all lost benefits, including equal pay;

(c) Order the payment of reasonable Attorneys fees;

(d) Order such other relief as This Court or a jury may deem just and fitting.

JURY DEMAND

Plaintiffs demand trial by jury on all issues that may be considered by a jury.

Respectfully Submitted,

Thomas E. Folcarelli #6393
94 Warner Street
Newport, RI 02840
401.619.0166
Fax: 401.274.2480
Counsel for Plaintiffs Eileen Ahern, Maureen Mastalerz, Lynda Parker and Debra Auger.