IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF RHODE ISLAND

Eileen Ahern, Maureen Mastalerz,
Debra Auger, and Lynda Parker,
Plaintiffs,

v. C.A. NO. 05-117ML

Jim Nicholson, Secretary,
Department of Veterans Affairs,
Defendant.

**ANSWER TO PLAINTIFFS'**
**SECOND AMENDED COMPLAINT**

Defendant, Jim Nicholson, Secretary, Department of Veterans Affairs (hereinafter referred to as "Secretary" or "Defendant"), by his undersigned attorneys, hereby Answers Plaintiffs' Second Amended Complaint as follows:

**FIRST DEFENSE**

Plaintiffs Ahern, Mastalerz, Auger, and Parker have failed to state a claim upon which relief can be granted.

**SECOND DEFENSE**

Plaintiffs failed to comply with the applicable regulations regarding time limits for EEO complaints in that they failed to contact an EEO counselor within 45 days of the allegedly discriminatory acts and failed to wait 180 days after filing formal EEO complaints before filing suit in federal court.

**THIRD DEFENSE**

Plaintiffs' suit is barred by the applicable statue of limitations.

## FOURTH DEFENSE

Plaintiff Mastalerz failed to exhaust her administrative remedies in that she filed her complaint in the United States District Court less than 120 days after filing her formal complaint regarding her reprimand and alleged constructive discharge.

## FIFTH DEFENSE

Defendant denies that any of its employees discriminated against Plaintiffs on the basis of their sex.

## SIXTH DEFENSE

Defendant denies that any of its employees retaliated against Plaintiffs for any protected activity.

## SEVENTH DEFENSE

Defendant denies that any of its employees created a hostile working environment for Plaintiffs.

## EIGHTH DEFENSE

Defendant denies that a Reprimand is an adverse employment action.

## NINTH DEFENSE

Defendant denies that any of the Plaintiffs were constructively discharged.

## TENTH DEFENSE

All actions allegedly taken by the Department of Veterans Affairs against Plaintiffs concerning their employment were based on legitimate, non-discriminatory reasons. Further, all alleged actions taken by the Department of Veterans Affairs against Plaintiffs were taken in good faith and did not violate any Federal or State law which prohibits discriminatory conduct.

### ELEVENTH DEFENSE

Title VII is the exclusive remedy for employment discrimination claims by federal employees.

### TWELFTH DEFENSE

In response to the specific numbered allegations contained in Plaintiffs' Second Amended Complaint, Defendant states as follows:

1. The allegations set forth in Paragraph 1 of the Second Amended Complaint constitute Plaintiffs' characterizations of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

2. The allegations set forth in Paragraph 2 of the Second Amended Complaint constitute Plaintiffs' characterizations of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

3. The allegations set forth in Paragraph 3 of the Second Amended Complaint and each of its subparts constitute Plaintiffs' characterizations of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

a) Denied.

b) Denied.

c) Denied.

d) The Second Amended Complaint does not contain a Paragraph numbered 3.d).

e) Denied.

f) Denied.

4. Denied.

5. The allegations set forth in Paragraph 5 of the Second Amended Complaint and each of its subparts constitute Plaintiffs' characterizations of this action to which no response is required. To the extent a response is deemed necessary, the allegations are denied.

a) Denied.

b) Denied.

c) Denied.

d) Denied.

e) Denied.

aa) Denied.

bb) Denied.

JURISDICTION AND VENUE

6. Defendant admits that venue is proper in this Court, but denies the remaining allegations of Paragraph 6 of the Second Amended Complaint.

7. Defendant admits that Plaintiffs each filed Equal Employment Opportunity complaints, denies the allegations regarding Plaintiffs Auger and Parker and is without sufficient information to admit or deny the remaining allegations of Paragraph 7 of the Second Amended Complaint. If the Court deems a response necessary, the remaining allegations are denied.

PARTIES

8. Defendant is without sufficient information to admit or deny the allegations in Paragraph 8 of the Second Amended Complaint, which are too vague and unclear to form a response. If the Court deems a response necessary, the allegations are denied.

9. Defendant admits that R. James Nicholson is the Secretary of the United States Department of Veterans Affairs and denies the remaining allegations in Paragraph 9 of the Second Amended Complaint.

10. Defendant admits that all four Plaintiffs are female, and is without sufficient information to admit or deny the remaining allegations in Paragraph 10 of the Second Amended Complaint, which are too vague and unclear to form a response. If the Court deems a response necessary, the allegations are denied.

11. Defendant admits that Mehrdad Khatib was the Administrative Officer of the Radiology Department at the PVAMC, and is without sufficient information to admit or deny the remaining allegations in Paragraph 11 of the Second Amended Complaint, which are too vague and unclear to form a response. If the Court deems a response necessary, the allegations are denied.

## FACTS RELATIVE TO ALL CLAIMS

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Denied.

18. Denied.

19. Denied.

20. Denied.

21. Defendant denies generally that Khatib denied to Plaintiffs opportunities for advancement and is without sufficient information to admit or deny the allegation that Khatib refused to let Plaintiff Parker train as a CAT Scan Tech and therefore denies the same.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

28. Denied.

## COUNT I
## DISCRIMINATORY HIRING

29. Denied.

## COUNT II
## DISCRIMINATION IN PAY AND BENEFITS

30. Denied.

## COUNT III
## DISCRIMINATION IN PROMOTION

31. Denied.

32. Denied.

## COUNT IV
## DISCRIMINATION BY REPRISAL AND RETALIATION

33. Denied.

COUNT V
CONSTRUCTIVE DISCHARGE

34. Denied.

The allegations set forth in the Paragraph beginning "WHEREFORE" constitute Plaintiffs' prayer for relief to which no response is required. To the extent that the allegations are deemed to contain facts to which a response is required, the allegations are denied. Defendant further denies that Plaintiffs are entitled to judgment against Defendant by means of a declaratory judgment or mandatory injunction, or to damages, attorney fees or any other form of relief.

WHEREFORE, Defendant respectfully requests this Court to deny the relief requested, dismiss Plaintiffs' Second Amended Complaint, enter an order granting judgment for Defendant and awarding Defendant its costs herein, along with such other and further relief as is just and proper.

Respectfully submitted,

ROBERT CLARK CORRENTE
United States Attorney

ROBIN E. FEDER (#3415)
Assistant United States Attorney
Attorney for Defendant
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
(401) 709-5000

CERTIFICATE OF SERVICE

I hereby certify that the foregoing document was served upon the following by first-class, postage prepaid mail on the 26th day of September, 2005.

Thomas E. Folcarelli, Esq.
12 Newport Avenue
Newport, RI 02840