**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | | |
|---|---|---|
| Eileen Ahern, Maureen Mastalerz, | ) | |
| Debra Auger, and Lynda Parker, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. NO. 05-117ML |
| | ) | |
| Jim Nicholson, Secretary, | ) | |
| Department of Veterans Affairs, | ) | |
| Defendant. | ) | |
| | ) | |

**DEFENDANT'S MOTION TO STRIKE PLAINTIFFS'**
**UNTIMELY MOTION FOR SUMMARY JUDGMENT**

Now comes Jim Nicholson, Secretary of the Department of Veterans Affairs, by and through his attorneys, and respectfully requests that the Court enter an order striking plaintiffs' motion for summary judgment. In the alternative, if the Court declines to strike plaintiff's summary judgment motion, defendant respectfully requests twenty days from the date on which the Court rules on this motion to oppose plaintiffs' motion for summary judgment. In support of this motion, defendant relies upon the Memorandum of Law submitted herewith.

ROBERT CLARK CORRENTE
United States Attorney

**/s/ Richard B. Myrus**
RICHARD B. MYRUS
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
richard.myrus@usdoj.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| Eileen Ahern, Maureen Mastalerz, | ) | |
| Debra Auger, and Lynda Parker, | ) | |
| Plaintiffs, | ) | |
| v. | ) | C.A. NO. 05-117ML |
| | ) | |
| Jim Nicholson, Secretary, | ) | |
| Department of Veterans Affairs, | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' UNTIMELY MOTION FOR SUMMARY JUDGMENT**

Pursuant to the Amended Scheduling Order in this case, the parties' deadline to file dispositive motions was November 14, 2007. In disregard of the Amended Scheduling Order and without explanation or leave of court, plaintiffs filed a cross-motion for summary judgment more than six weeks late on January 7, 2008. Plaintiffs' motion is untimely and unexcused. Moreover, rather than simultaneously exchanging summary judgment motions with defendant on November 14, 2007 consistent with the Amended Scheduling Order, plaintiffs obtained an unfair advantage by reviewing defendant's timely motion before drafting their own. Therefore, plaintiffs' motion for summary judgment should be stricken.

## I. BACKGROUND

On November 5, 2007, in response to Defendant's Assented-To Motion for an Extension of Time To File Summary Judgment Motions, the Court extended the dispositive motion deadline in its Scheduling Order until November 14, 2007. Defendant filed a detailed summary judgment motion on November 14, 2007 (Dckt. No. 48), but plaintiffs chose not to.

On November 26, 2007, plaintiffs filed an Assented-To Motion for Extension of Time To

File an Answer to Defendant's Summary Judgment Motions. (Dckt. No. 51.) Plaintiffs' motion did not seek additional time in which to file a summary judgment motion. Moreover, plaintiffs filed two subsequent assented-to motions for additional time to respond to defendant's summary judgment motion, but did not request leave of court to file their own motion for summary judgment after the deadline or inform defendant of their plan to do so.

On January 7, 2008, plaintiffs filed a cross-motion for summary judgment in addition to filing their opposition to defendant's motion for summary judgment. (Dckt. No. 54.) Plaintiffs never sought an extension of the November 14, 2007, summary judgment deadline, never requested leave to file their summary judgment motion out of time, and never offered any explanation for their disregard of the November 14, 2007, deadline.

## II. ARGUMENT

Rule 16(b)(2) of the Federal Rules of Civil Procedure provides that a district court shall "enter a scheduling order that limits the time . . . to file motions." "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.' . . . Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." Benson Pump Co. v. South Pool Supply, Inc., 2006 WL 845775, at *5 (D. Nev. Mar. 28, 2006) (citations omitted) (Attachment A).

A number of courts have stricken or denied a motion for summary judgment as untimely. See Dedge v. Kendrick, 849 F.2d 1398 (11th Cir. 1988) (per curiam) (holding that district court properly denied motion filed six weeks late). In Atlantic Research Marketing Sys., Inc. v. Sacco Defense, Inc., 997 F. Supp. 159, 165 (D. Mass. 1998), for example, the court struck a motion for

summary judgment under circumstances very similar to those in the instant case:

> I extended until September 6, 1996 the deadline for filing dispositive motions. Plaintiffs did not object to the establishment of a cutoff date in general or to this new date in particular, and the date was confirmed in a Case Management Order issued that same day. Yet, without seeking an extension of the cutoff date or leave to file late, Plaintiffs attempted to file their cross-motion on September 24, 1996, or 18 days after the deadline. For this reason, Plaintiffs' cross-motion is untimely and SDI's motion [to strike] will be ALLOWED . . . ."

The court in Insurance Co. of State of Penn. v. Vimas Painting Co., Inc., 2007 WL 1412988, at * 6-7 (N.D. Ohio May 10, 2007) (Attachment B), also struck a summary judgment motion on facts almost identical to those here:

> Plaintiff is absolutely correct that this Court set a dispositive motion deadline of February 28, 2007 in its Case Management Conference Order. . . . On February 19, 2007, Defendant filed a motion requesting an extension of time within which to file a response to Plaintiff's motion for summary judgment. Defendant indicated in the motion that Plaintiff had no objection to this extension. Noticeably absent from this motion is a request for leave within which to file a motion for summary judgment instanter. . . . Defendant filed yet another motion for an extension of time within which to file a response to Plaintiff's motion for summary judgment, but again failed to inform either Plaintiff or the Court of its intention to file a motion for summary judgment or to file such a motion instanter.
>
> It was not until April 6, 2007, when Defendant finally filed its motion for summary judgment, which was combined with its response to Plaintiff's motion for summary judgment. Defendant did not move for leave to file this motion for summary judgment instanter and made no mention of the delay in filing the motion well beyond the dispositive motion deadline. . . . Accordingly, the Court GRANTS Plaintiff's motion to strike Defendant's motion for summary judgment . . . .

See McBride v. Coats, 2007 WL 3023621, at *1 (M.D. Fla. Oct. 15, 2007) (striking motion for summary judgment filed twenty days after deadline) (Attachment C); Bozeman v. Per-Se Techs., Inc., 456 F. Supp.2d 1282, (N.D. Ga. 2006) (striking summary judgment motion filed eighteen days after deadline); JJ Comms., Inc. V. Duratech, Inc., 2005 WL 2454194, at (W.D Wash. Oct. 4, 2005) (striking summary judgment cross-motion filed three weeks after deadline) (Attachment

D); Priester v. Starkville School Dist., 2005 WL 1217341, at *2 (N.D. Miss. May 20, 2005) (striking summary judgment cross-motion filed ten weeks after deadline) (Attachment E); Wyatt v. Michelin North America, Inc., 2003 WL 21918710, at *1 n.2 (N.D. Ind. July16, 2003) (striking summary judgment cross-motion filed four weeks after deadline) (Attachment F).

Here, plaintiffs neither moved to amend the Amended Scheduling Order's November 14, 2007 summary judgment deadline nor moved thereafter to file their summary judgment motion out of time. Instead, plaintiffs unapologetically ignored the Court's deadline and filed their cross-motion more than six weeks late. Therefore the Court should strike plaintiffs' motion for summary judgment.[1]

## III. **CONCLUSION**

For the foregoing reasons, the Court should grant defendant's motion to strike plaintiffs' motion for summary judgment.

ROBERT CLARK CORRENTE

United States Attorney

**/s/ Richard B. Myrus**
RICHARD B. MYRUS
Assistant U.S. Attorney
Fleet Center
50 Kennedy Plaza, 8th Floor
Providence, RI 02903
401-709-5000
401-709-5001 (fax)
richard.myrus@usdoj.gov

[1] If the Court is not inclined to strike plaintiffs' summary judgment motion, defendant respectfully requests that the Court allow defendant twenty days from the date the Court resolves this motion to respond to plaintiffs' summary judgment motion.

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that on the 18th day of January, 2008, I caused the within Defendant's Motion to Strike Plaintiffs' Untimely Motion for Summary Judgment and supporting memorandum to be electronically filed with the Clerk of the United States District Court for the District of Rhode Island using the CM/ECF System. The following participant has received notice electronically:

Thomas Folcarelli, Esq.
55 Bradford Street, Suite 203
Providence, RI 02903
tfolc8@cox.net

/s/ Richard Myrus
RICHARD MYRUS
Assistant U.S. Attorney