**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

| | |
|---|---|
| Eileen Ahern, Maureen Mastalerz, Debra Auger, and Lynda Parker, Plaintiffs, | ) |
| v. | ) C.A. NO. 05-117ML |
| Jim Nicholson, Secretary, Department of Veterans Affairs, Defendant. | ) |

**DECLARATION OF TAMBRA HOLT**

I, Tambra Holt, make the following declaration in support of Defendant's Motion for Summary Judgment.

1. I am currently a Human Resources Specialist at the VA Hospital in Providence, RI and have been employed at the VA Hospital as a specialist since October 12, 1997.

2. I am familiar with the disciplinary procedures that the VA Hospital followed in 2003-2004 and have reviewed the official personnel folders of Debra Auger, Eileen Ahern, Maureen Mastalerz, and Lynda Parker.

3. The disciplinary procedures that VA Hospital followed in 2004 are set forth in Policy Memorandum 05-7 (May 16, 2003), which is entitled "Discipline and Adverse Action." (Attached as Attachment A) and in the VA Handbook 5021. The VA Hospital employs four levels of discipline of escalating severity:

> Admonishments – given to an employee in the form of an official letter for a minor act of misconduct. This letter will placed in the employee's personnel folder for up to two years, but may be withdrawn by the supervisor after six months.
>
> Reprimands – given to an employee in the form of an official letter for misconduct. This letter is placed in the employee's personnel folder for up to three years, but may be removed by the supervisor after two years.

Disciplinary Suspensions for 14 days or less – given for serious misconduct or for repeated acts of misconduct.

Adverse Actions – a suspension for more than 14 days, removal, demotion, or other action taken which results in an involuntary separation or reduction in grade or pay.

4. In determining which level of discipline is appropriate, the Human Resources Department is guided by Appendix A to the VA Handbook 5021, which lists twelve factors and provides a table with ranges of penalties for various offenses. (Attached as Attachment B.)

5. Neither a report of contact nor a counseling memorandum constitutes a form of official discipline under the VA system. A report of contact is used simply to document a notable event and a counseling letter is an unofficial, informal mechanism for addressing an employee's improper actions. Neither a report of contact nor a counseling memorandum is placed in an employee's Official Personnel Folder. Specifically, no report of contact or counseling letter was placed in the Official Personnel Folder of Ms. Ahern, Ms. Mastalerz, Ms. Auger, or Ms. Parker

6. I note that between March 2003 and January 2004, DIS employee Robert Limburg was reprimanded, suspended twice, and ultimately removed for being absent without official leave.

Pursuant to 28 U.S.C.§ 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge,

Executed the 13th day of November2007

Tambra Holt

# ATTACHMENT A

VA MEDICAL CENTER
PROVIDENCE, RHODE ISLAND

POLICY MEMORANDUM 05-7
May 16, 2003
(05)

# DISCIPLINE AND ADVERSE ACTION

## 1. PURPOSE

To provide general information and procedures relative to discipline and adverse actions and to designate those officials who may formally approve disciplinary actions within their respective organizational jurisdictions.

## 2. POLICY

a. All employees of this medical center are subject to the provisions of this memorandum except those employees employed under Title 38 and employees of the Canteen Service. Disciplinary and adverse actions for Title 38 employees are governed by provisions in VA Handbook, 5021, Part II. Actions for Canteen Service employees are governed by provisions found in the Veterans Canteen Service Operating Procedures Manual. The job protection provisions of adverse action procedures are not applicable to probationary and temporary employees.

b. Disciplinary action shall be taken solely for the purpose of correcting offending employees and maintaining discipline and morale among other employees. Such actions will be taken only when it is evident that other supervisory techniques have failed to correct a given problem or would be inappropriate. Supervisors should give consideration to several factors when determining what penalty is appropriate, including not only the nature and gravity of the offense but such other matters as the existence of mitigating circumstances and the frequency of the offense. Disciplinary and adverse actions shall be governed by these basic principles:

(1) The employee shall be informed why the action is being brought against him/her.

(2) The employee shall be given a fair chance to present his/her side of the case.

(3) The employee shall have the right to be accompanied, represented and advised by a representative of his/her own choosing.

## 3. DEFINITIONS

a. Admonishment. An admonishment is a disciplinary statement of censure given to an employee for a minor act of misconduct. It will be in the form of an official letter which will be placed in the employee's personnel folder. After two years, admonishments will be removed and destroyed. If the employee's supervisor so wishes, the admonishment may be withdrawn and destroyed after six months. In cases of patient abuse, the admonishment may be retained in the

personnel folder indefinitely. The official who may sign a letter of admonishment will be the official who has a good knowledge of the facts involved and is in the normal supervisory line.

b. Reprimand. A reprimand is a disciplinary statement of censure given to an employee for misconduct. It will also be in the form of an official letter which will be placed in the employee's personnel folder. After three years, reprimands will be removed and destroyed, If the employee's supemsor so wishes, the reprimand may be **withdrawn** and destroyed after two years. In cascs of patient abuse, the reprimand may be retained in the personnel folder indefinitely, The official who may sign a letter of reprimand must be at the Service Chief/Service Line Manager level or above..

c. Disciplinary Suspensions for 14 Calendar Days or Less. A disciplinary suspension for 14 calendar days or less is an enforced temporary non-pay status and absence from duty. Such action is taken for serious misconduct. It may also be given for continued or repeated acts of misconduct. The employee will be given advance written notice of the proposed suspension. The official who may sign a letter of proposed suspension must be at the Scrvice Chief/Service Line Manager level or above. A final decision on a proposed suspension of 14 calendar days or less will be made by the proposing official.

d. Adverse Actions. The term "adverse act-ion" refers to a suspension for more than 14 calendar days, removal, demotion, or other action taken which results in an involuntary separation or reduction in grade or pay. Normally, a 30-calendar day advance notice will be given for proposed adverse actions. The material on which the notice of proposed adverse action is based will be made available to the employee for review, The official who may sign a notice of proposed adverse action must be at the Service Chief/Service Line Managcr level or above. A final decision on such a proposed action will be made by the Medical Center Dircctor. Adverse actions include:

(1) A removal.

(2) A suspension for more than 14 days.

(3) A reduction in grade.

(4) A reduction in pay.

(5) A furlough of 30 days or less.

## 4. MEMBERSHIP

None.

## 5. PROCEDURES

The procedures for initiating disciplinary and adverse actions for all employees falling within the scope of this memorandum arc contained in VA Handbook, 5021, Part I. Any Service Chief/Service Line Manager or supervisor who contemplates a disciplinary action against an employee shall review the contents of this Handbook thoroughly, To determine what action is warranted, inquiry will be made into the incident or situation as soon as possible. Ordinarily, this inquiry will be made by the appropriate line supervisor. The employee who is alleged to have committed the offense and any other person who may have pertinent information about the case will be questioned and signed statements will be obtained. In all cases, the information obtained will be documented. The employee and the representative shall have assurance of freedom from interference, coercion or reprisal in presenting the case. In addition, all disciplinary and adverse actions will be submitted to Human Resources Management Service for review and concurrence prior to issuance to the employee. This includes any changes to the proposed action and changes to actions during a grievance proceeding. The Personnel Officer and Personnel Management Specialists are available to assist any employee who seeks information relative to the appeal procedures.

## 6. RESPONSIBILITY

**a.** Supervisors.

(1) Maintain a high level of morale and discipline among the employees supervised.

(2) Gather and analyze the facts concerning each disciplinary or adverse action and document these facts.

(3) Initiate appropriate and timely disciplinary or adverse actions.

b. Personnel Officer and Personnel Management Specialist.

(1) Assists supervisors and management officials at all levels with disciplinary and adverse action matters; interprets regulations and statutes; recommends sound personnel practices; reviews existing policies and recommends appropriate changes.

(2) Must review and concur in disciplinary actions and adverse actions prior to issuance.

(3) Advises and assists employees relative to their rights on appeals and hearings; and provides information and interpretation of disciplinary and adverse action procedures, regulations, and statutes.

c. Employees

(1 are required to furnish testimony freely and honestly within the requirements of VA Regulations.

(2) who wish to grieve a disciplinary action, and who are covered by a union-management agreement must follow the negotiated grievance procedure. All other employees must follow the agency grievance procedure stated in Policy Memorandum 05-06, Discipline and Adverse Action, dated July 23, 1999, Employees may appeal an adverse action to the Merit Systems Protection Board or file a grievance under a negotiated procedure if they are covered by an agreement.

**7. REFERENCES**

VA Handbook 5021, Part I
5 CFR 752

**8. RESCISSIONS**

Policy Memorandum 05-7, Discipline and Adverse Actions, dated July 7, 1999.

**VINCENT NG**
**Medical Center Director**

**Attachments: None**

**DISTRIBUTION: D**

# ATTACHMENT B

# APPENDIX A. TITLE 5 - TABLE OF EXAMPLES OF OFFENSES AND PENALTIES

## 1. INSTRUCTIONS FOR USE OF TABLE

a. The range of penalties indicated in this table is to be used as a guide in administering discipline to help assure that like disciplinary action is taken for like offense.

b. The suspension penalties listed in the table are applicable to workdays only.

**(Caution: In** title **5, U.S.** Code, **chapter** 75, **"Suspended for** More **than** 14 days" **is interpreted** to **express calendar days)**

c. In using this table, consideration will be given to the following:

(1) The table is designed to be sufficiently broad to include most types of offenses, but is not intended to be an exhaustive listing of all offenses. For other offenses, appropriate penalties may be prescribed by disciplinary officials for application within their jurisdiction, consistent with the range of penalties for comparable offenses listed in the table.

(2) This guide does not cover all offenses for which disciplinary penalties are expressly provided by law or Civil Service regulation.

(3) Offenses need not be identical in order to support progressively more severe disciplinary/ adverse action against an employee. For example, an employee who has received an admonishment for AWOL can receive a reprimand for sleeping on duty, and possibly be suspended or removed for a third offense unrelated to the two previous infractions.

(4) When an employee has committed a combination or series of offenses, a greater penalty than is listed for a single offense is appropriate.

(5) Where appropriate, demotion may be used in place of removal as provided in this chapter, except for the offense described in item 27 of the table.

(6) Disciplinary penalties will generally fall between the ranges indicated in the guide, but in unusual circumstances greater or lesser penalties may be imposed. In determining disciplinary action to be taken in a specific case, the following factors that will be considered as cited in Douglas v. VA, 5 M.S.P.R. 280 (1981). Remember that any of the Douglas factors may be either mitigating or aggravating. Each relevant factor must be addressed.

(7) The following are the twelve (12) Douglas factors:

(a) The nature and seriousness of the offense, and its relation to the employee's duties, position and responsibilities, including whether the offense was intentional or technical or inadvertent, or was committed maliciously or for gain, or was frequently repeated;

(b) The employee's job level and type of employment, including supervisory or fiduciary role, contacts with the public, and prominence of the position;

(c) The employee's past disciplinary record;

(d) The employee's past work record, including length of service, performance on the job, ability to get along with fellow workers, and dependability;

(e) The effect of the offense upon the employee's ability to perform at a satisfactory level and its effect upon the supervisor's confidence in the employee's ability to perform assigned duties;

(f) Consistency of the penalty with those imposed upon other employees for the same or similar offenses;

(g) Consistency of the penalty with any applicable agency table of penalties;

(h) The notoriety of the offense or its impact upon the reputation of the agency;

(i) The clarity with which the employee was on notice of any rules that were violated in committing the offense, or had been warned about the conduct in question;

(j) Potential for the employee's rehabilitation;

(k) Mitigating circumstances surrounding the offense such as unusual job tension, personality problems, mental impairment, harassment, or bad faith, malice or provocation on the part of others involved in the matter; and

(l) The adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others.

(7) Removal action will be taken whenever required by law or regulation or whenever warranted by the facts in the individual case. Normally, progressively more severe penalties will be administered before removal action is initiated, unless the offense is so serious that it warrants removal action. The severity of the penalty will be that which is required in order to correct the attitude or conduct of the employee or to correct the situation.

(8) Although oral or written counselings of employees are not considered disciplinary actions, such counselings may be considered when assessing the appropriate penalty for a particular offense.

(9) The "Douglas" factors are not applicable in those instances where a specific penalty (e.g., 30 day suspension for misuse of a Government vehicle) is required by statute.

## 2. RANGE OF PENALTIES FOR STATED OFFENSES

**NOTE:** *'Days' specified in this table refer to suspension.*

| NATURE OF OFFENSE | 1ST OFFENSE | 2ND OFFENSE | 3RD OFFENSE |
|---|---|---|---|
| | Minimum/ Maximum | Minimum/ Maximum | Minimum/ Maximum |
| 1. Unexcused tardiness. | Admonishment Reprimand | 5 days Reprimand | 5 days Removal |
| 2. Uncxcused or unauthorizcd absence. | Admonishment Reprimand | Reprimand 10 days | 10 days Removal |
| 3. Leaving job to which assigned or VA premises, during working hours, without proper permission | Admonishment Reprimand | 5 days Reprimand | 10 days Removal |
| 4. Loafing, willful idleness, or waste of time. | Admonishment Reprimand | Reprimand 10 days | 10 days Removal |
| 5. Careless or negligent workmanship resulting in waste or delay. | Admonishment Reprimand | Reprimand 10 days | 10 days Removal |
| 6. Violating traffic regulations or reckless driving on VA premises; or improper operation of a motor vehicle. | Admonishment 10 days | Reprimand Removal | 10 days Removal |
| 7. Failure to observe precaution for personal safety, posted rules, signs, written or oral safety instructions, or to use protective clothing or equipment. | Admonishment 10 days | Reprimand Removal | 10 days Removal |
| 8. Smoking in unauthorized places or carrying of matches in explosive areas | Admonishment Reprimand | Reprimand 10 days | 10 days Removal |
| 9. Endangering the safety of or causing injury to anyone on VA premises through carelcssness or negligence. | Admonishment Removal | 10 days Removal | Removal |
| 10. Failure to report personal injury or accident. | Admonishment Reprimand | Reprimand 10 days | 5 days 15 days |
| 11, Failure to safeguard confidential matter. | Admonishment Reprimand | Reprimand 10 days | 10 days Removal |
| 12. Deliberate failure or unreasonable delay in carrying out instructions. | Admonishment Reprimand | 3 days 10 days | 10 days Removal |

| NATURE OF OFFENSE | 1ST OFFENSE | 2ND OFFENSE | 3RD OFFENSE |
|---|---|---|---|
| | Minimum/ Maximum | Minimum/ Maximum | Minimum/ Maximum |
| 13. Sleeping on duty.<br>a Where safely of patients, beneficiaries, members, employees or property is not endangered. | Admonishment<br>Reprimand | Reprimand<br>10 days | 10 days<br>Removal |
| b. Where safety of patients, beneficiaries, members, employees, or property may be endangered. | 5 days<br>Removal | Removal | |
| 14. Abuse of patients or beneficiaries | Reprimand<br>Removal | 10 days<br>Removal | Removal |
| 15. Fighting, threatening, attempting or inflicting bodily injury to mother; engaging in dangerous horseplay. (Penalty depends on such factors as provocation, extent of any injuries, and whether actions were defensive or offensive in nature) | Reprimand<br>Removal | 10 days<br>Removal | Removal |
| 16, Disrespectful conduct, use of insulting, abusive, or obscene language to or about other personnel, patients, or visitors. | Reprimand<br>Removal | 10 days<br>Removal | Removal |
| 17. Deliberate refusal to carry out my proper order from, or insolent, abusive, or obscene language toward immediate or other supervisor having responsibility for the work of the employee; willful resistance to same | Reprimand<br>Removal | 10 days<br>Removal | Removal |
| 18. Offenses related to intoxicants. Actions involving these offenses should be reviewed to ensure the requirements of drug and alcohol abuse program are met.<br><br>a Alcohol-related:<br><br>(1) Unauthorized possession of alcoholic beverages while on VA premises or in duty status. | Reprimand<br>5 days | 10 days<br>Removal | 15 days<br>Removal |

| NATURE OF OFFENSE | 1ST OFFENSE | 2ND OFFENSE | 3RD OFFENSE |
|---|---|---|---|
| | Minimum/<br>Maximum | Minimum/<br>Maximum | Minimum/<br>Maximum |
| 18.a. (Continued)<br>(2) Unauthorized use of alcoholic beverages while on VA premises or in duty status. | Reprimand<br>10 days | 15 days<br>Removal | Removal |
| (3) Reporting to or being on duty while under the influence of alcohol. | Reprimand<br>10 days | 15 days<br>Removal | Removal |
| (4) Sale or transfer of an alcoholic beverage while on VA premises or in a duty status or while any person involved is in a duty status. | 10 days<br>Removal | Removal | |
| b. Drug-related: | | | |
| (1) Unauthorized possession of an illegal drug or controlled substance while on VA premises or in a duty status. | 5 days<br>10 days | 15 days<br>Removal | Removal |
| (2) Unauthorized use of a drug or controlled substance while on VA premises or in a duly status. | 10 days<br>Removal | 15 days<br>Removal | Removal |
| (3) Reporting to or being on duty while under the influence of a *drug* or controlled substance. | 15 days<br>Removal | Removal | |
| (4) Sale or transfer or a drug or controlled substance while on VA premises or in a duty status or while any person involved is in a duty status. | 15 days<br>Removal | Removal | |
| (5) Refusal to take drug test, as required | Admonishment<br>Removal | 15 days<br>Removal | Removal |

| NATURE OF OFFENSE | 1ST OFFENSE | 2ND OFFENSE | 3RD OFFENSE |
|---|---|---|---|
| | Minimum/ Maximum | Minimum/ Maximum | Minimum/ Maximum |
| 19. Gambling, unlawful betting; on VA premises, | Reprimand 10 days | 10 days Removal | Removal |
| 20.Promotion of gambling on VA premises. | Reprimand 10 days | 10 days Removal | Removal |
| 21. hdebtedness-lack of good faith in paying just financial obligations; such as failure without good cause to make or live up to arrangements to pay a debt that the employee admits he owes or that is supported by court judgment, or that represents a tax or other financial obligation to the U.S.Government or to State and local government. | Admonishment | Admonishment Reprimand | Reprimand Removal |
| 22. Actual or attempted theft of Govern-ment property, or of personal property. on VA. premises. | Reprimand Removal | 10 days Removal | Removal |
| 23. Making false or unfounded statements, which are slanderous or defamatory, about other VA personnel or officials. | Reprimand Removal | 10 days Removal | Removal |
| 24. Falsifying attendance record for self or another employee. | Reprimand Removal | 10 days Removal | Removal |
| 25.Intentional falsification, misstatement, or concealment of material fact in connection with employment or any investigation, inquiry or proper proceeding; refusal to cooperate in same; or willfully forgoing or falsifying official Government records or documents | Reprimand Removal | 10 days Removal | Removal |

| NATURE OF OFFENSE | 1ST OFFENSE | 2ND OFFENSE | 3RD OFFENSE |
|---|---|---|---|
| | Minimum/ Maximum | Minimum/ Maximum | Minimum/ Maximum |
| 26. Loss of, damage to, or unauthorized use of Government property: | | | |
| a. Through carelessness or negligence | Admonishment 15 days | 10 days Removal | Removal |
| b. Through maliciousness or intent<br><br>**NOTE:** *For willful use or authorization of the use of any Government vehicle for other than official purposes, the prescribed penalty is suspension for not less than 30 days or removal (31 U.S.C. 1349(b); see number 49.* | Reprimand Removal | 10 days Removal | Removal |
| **27.** Owning any interest in, or receiving any wages, salary dividends, profits, gratuities, or services from any educational institution operated for profit in which an eligible veteran, or person, is pursuing a course of education or training under 38 U.S.C. 34 and 35 where it is determined that detriment will result to the United States or to eligible veterans, or persons, by reason or such interest or connection | Removal | | |
| 28. Participation in any type of outside activities, of relationships with contractors lenders, builders, or others engaged in business with VA or relationships with those seeking contracts, which would be contrary to the best interests of VA and the veterans it serves. Penalty action will be determined on the basis of whether the activities, or relationships, might result in a conflict between the private interest of the employee and his/her duty and obligation to or tend to create in the minds of others a suspicion of prejudice or favoritism that would be of embarrassment to VA. | Admonishment Removal | 10 days Removal | Removal |

| NATURE OF OFFENSE | 1ST OFFENSE | 2ND OFFENSE | 3RD OFFENSE |
|---|---|---|---|
| | Minimum/ Maximum | Minimum/ Maximum | Minimum/ Maximum |
| 29. Except as specifically authorized, disclosing or using directly or indirectly information obtained as a result of employment in VA, which is of a confidential nature or which represents a matter of trust; or any other information so obtained of such character that its disclosure or use would be contrary to the best interests of the Government, VA, or the veterans being served by it. | Reprimand Removal | Removal | |
| 30. Borrowing from, or lending money to, any beneficiary or claimant of VA; or borrowing from, or lending money to, another VA employee (or non-VA employee) for the purpose of monetary gain while on duty or on VA property. | Reprimand Removal | Removal | |
| 31. Soliciting contributions for, or otherwise promoting, on premises occupied by VA, any national or local welfare or other type of campaign which has not had appropriate VA endorsement | Reprimand Removal | 10 days Removal | Removal |
| 32. Selling tickets, stocks, articles, or commodities or services on VA premises. This prohibition is not to be construed as prohibiting employees from engaging in bonafide activities on premises occupied by VA or organized cmployce union, group, organization, or association, as provided in other chapter of this manual. | Reprimand Removal | 10 days Removal | Removal |
| 33. Accepting gifts or gratuities (whether in the form of goods, money, services, purchases at discount, entertainment, or similar favors) from claimants or beneficiaries of VA, or individuals or firms doing business with or having contractual relations with VA. | Reprimand Removal | Removal | |

| NATURE OF OFFENSE | 1ST OFFENSE | 2ND OFFENSE | 3RD OFFENSE |
|---|---|---|---|
| | Minimum/ Maximum | Minimum/ Maximum | Minimum/ Maximum |
| 34. Violation of the Privacy Act. | Reprimand 10 days | 10 days Removal | Removal |
| 35. Prohibited personnel practice (Reference S U.S.C. 2302.) | Reprimand Removal | 10 days Removal | Removal |
| **36.** Participating in a strike, work stoppage, sick-out, slowdown, or other job action. | Reprimand Removal | Removal | Removal |
| **37. Sexual** harassment. | Reprimand Removal | 5 days Removal | 10 **days** Removal |
| **38.** Discrimination based on race, color, sex, religion, national origin, age, marital status, **political affiliation,** or disability. | Reprimand Removal | 5 days Removal | 10 days Removal |
| **39.** Interference with an employee's exercise of, or reprisal against an employee for exercising, a right to grieve, **appeal** or file a complaint through established procedures. | Reprimand Removal | 5 days Removal | Removal |
| 40. Reprisal against an employee for providing information to an Office of Inspector General (or equivalent) or Office of Special Counsel, or to an EEO investigator, or for testifying in an official proceeding. | 10 **days** Removal | Removal | |
| 41. Reprisal against an employee for exercising a right provided under 5 U.S.C. 71**(Federal** Labor Management Relations Statute). | Reprimand Removal | 5 days Removal | 10 days Removal |
| **42.** Violation of an employee's constitutional rights (i.e., freedom of speech, association, religion). | Reprimand Removal | 5 days Removal | 10 days Removal |

| NATUREOFOFFENSE | 1ST OFFENSE | 2ND OFFENSE | 3RD OFFENSE |
|---|---|---|---|
| | Minimum/ Maximum | Minimum/ Maximum | Minimum/ Maximum |
| **Offcnscs Prescribed in Statute:** | | | |
| 43. Finding by MSPB of refusal to comply with MSPB order or of violation of statute causing issuance of Special Counsel complaint ((5 U.S.C. 1204(a)(2) and 1212(a)). **NOTE:** ***Penalty may need to be coordinated with Office of Special Counsel*** | Reprimand Removal | Reprimand Removal | Reprimand Removal |
| 44. Directing, expecting, or rendering services not covered by appropriations (5 U.S.C. 3103). | Removal | | |
| 45. Prohibited Political Activity:* | | | |
| a. Violation of prohibition against the solicitation of political contributions (5 U.S.C. 7323). | Removal | | |
| b. Violation of prohibition against influencing elections (5 U.S.C. 7324). | 30 days Removal | Removal | |
| 46. Failure to deposit into the Treasury money accruing from lapsed salaries or from unused appropriations for salaries (5U.S.C. 5501). | Removal | | |
| 47. Soliciting contributions for a gift for a superior; making a donation as a gift to a superior; accepting a gift from an employee receiving less pay (5 U.S.C. 735 1). | Reprimand Removal | 10 days Removal | Removal |
| 48. Action against national security (5 U.S.C. 7532). | 30 days Removal | Removal | |
| 49. Willfully using or authorizing the use of government passenger motor vehicle or aircraft for other than official purposes (3 1 U.S.C. 1349(b)). **NOTE: 30** ***days for this offensemeans calendar days.*** | 30 days Removal | Removal | |
| 50. Mutilating or destroying a public record (18 U.S.C. 207 1). | Removal | | |

"Actions based on Hatch Act violations will be initiated by the Office of Special Counsel.