UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

EILEEN AHERN, MAUREEN MASTALERZ,
DEBRA AUGER, and LYNDA PARKER,
                  Plaintiffs,

v.                                                        No. 05-117-ML

ERICK SHINSEKI, Secretary, Department of
Veterans Affairs,
                  Defendant.

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiffs' objections to a Report and Recommendation issued by United States Magistrate Judge Lincoln D. Almond. Magistrate Judge Almond recommended that Defendant's motion for summary judgment be granted.

This is an employment discrimination action brought pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et. seq. Plaintiffs, four women radiology technologists at the Department of Veteran Affairs Medical Center in Providence, Rhode Island ("VA Hospital"), assert claims of gender discrimination in hiring, compensation and promotion; and claims of retaliation and constructive discharge. Plaintiffs' claims stem from the behavior of their male supervisor, Mehrdad Khatib ("Khatib"). This Court need not reiterate the facts underlying Plaintiffs' claim as Magistrate Judge Almond has comprehensively laid out the factual background of this matter.

1

## I. Standard of Review

The Court must conduct a plenary review of a Report and Recommendation addressing dispositive pretrial matters to which specific written objections have been made. See Fed. R. Civ. P. 72(b). The Court must "determine de novo any part of the magistrate judge's disposition that has been properly objected to." Id. at (3). The Court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

Plaintiffs must specifically identify the findings or recommendations to which objections are being made. Espada-Santiago v. Hospital Episcopal San Lucas, Civil No. 07-2221 (ADC), 2009 WL 702350 (D.P.R. March 11, 2009). In reviewing Plaintiffs' objections, this Court need not "consider frivolous, conclusive, or general objections." Id. at *1 (internal quotation marks and citation omitted). "Conclusory objections that do not direct the reviewing court to the issues in controversy do not comply with Rule 72(b)." Velez-Padro v. Thermo King De Puerto Rico, Inc., 465 F.3d 31, 32 (1st Cir. 2006). To the extent that Plaintiffs' objections "amount to no more than general or conclusory objections" or where the objections are repetitive of the arguments made to the Magistrate Judge, a de-novo review is unwarranted and this Court need only review the Report and Recommendation for clear error. Espada-Santiago, 2009 WL 702350 at *1.

At the outset this Court notes that in many instances in their submissions, Plaintiffs fail to make specific objections, fail to adequately develop their argument, repackage the same arguments they made before the Magistrate Judge, fail to point the Court to evidentiary support for their allegations, make conclusory allegations, and/or misstate the record.

## II. Analysis
### A. Disparate Treatment Claims
#### 1. Gender Discrimination in Hiring

Plaintiffs first object to the Magistrate Judge's "[c]haracterization of [the] [d]isparate [t]reatment [c]laims" and the Magistrate Judge's "[w]hole acceptance of facts in the [l]ight [m]ost [f]avorable to the [m]ovant." Plaintiffs' Objections to the Report and Recommendation at 3. In count I of the second amended complaint, Plaintiffs allege that "Khatib discriminated against the Plaintiffs when he decided that he was going to hire more males than females because he liked working with males better, and then hired males." Second Amended Complaint ¶ 29. The Magistrate Judge found Plaintiffs' hiring claim failed as a matter of law because Plaintiffs did not suffer any adverse employment action in hiring. Report and Recommendation at 8-9.

Khatib's alleged preference for hiring male contract employees, in the absence of any adverse impact on Plaintiffs, is not actionable. See generally Kosereis v. Rhode Island, 331 F.3d 207 (1st Cir. 2003) (generally, a plaintiff establishes a prima facie case of disparate treatment by showing (1) she is a member of a protected class, (2) she was qualified for the job, (3) her employer took an adverse employment action against her, and (4) the position remained open or was filled by a person with similar qualifications); see generally Villanustre v. Hard Rock Café Puerto Rico, Inc., 556 F. Supp. 2d 79 (D.P.R. 2008). Even in light of the Magistrate Judge's finding on this claim, Plaintiffs fail to direct this Court's attention to any specific adverse action in hiring experienced by any one of the Plaintiffs. Plaintiffs do not dispute that they were already employed as full-time technologists when Khatib arrived at the VA Hospital. No individual

3

Plaintiff alleges that she was ever denied employment as a result of Khatib's hiring practices.[1] Plaintiffs' hiring claim cannot therefore survive summary judgment.

## 2. Gender Discrimination in Compensation

Count II of Plaintiffs' complaint alleges that "Khatib discriminated against the Plaintiffs by paying male employees more than female employees for the same job." Second Amended Complaint at ¶ 30. Plaintiffs' claim focuses on the undisputed fact that contract technologists were paid at a higher hourly rate than staff (employee) technologists. The Magistrate Judge found that the pertinent issue in Plaintiffs' compensation claim was whether staff technologists and contract technologists were similarly situated. Report and Recommendation at 10.

When a plaintiff offers comparative evidence to raise an inference of discrimination, she must

> provide a suitable provenance for the evidence by showing that others similarly situated to [her] in all relevant respects were treated differently by the employer. Reasonableness is the touchstone: while the plaintiff[s'] case and the comparison case . . . need not be perfect replicas, they must closely resemble one another in respect to relevant facts and circumstances.

Conward v. Cambridge School Committee, 171 F.3d 12, 20 (1st Cir. 1999) (citation omitted); see also Perkins v. Brigham & Women's Hospital, 78 F.3d 747, 751 (1st Cir. 1996) (comparators must be similarly situated in material respects). In the end, "apples should be compared with apples." Conward, 171 F.3d at 20 (internal quotation marks and citation omitted).

The Magistrate Judge determined that Plaintiffs' gender discrimination in compensation

---

[1] Plaintiffs also argue that Khatib stated that a "department full of women" was "crazy" and that he "want[ed] to start hiring males . . . ." Plaintiffs' Objection to the Report and Recommendation at 3. Because Plaintiffs were already employed when Khatib arrived at the VA Hospital and thus suffered no adverse hiring action, the comment "lack[s] the necessary link between the alleged speaker's discriminatory remark and the adverse employment decision." Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 96 (1st Cir. 1996).

claim was fatally flawed because Plaintiffs, who were employees of the VA Hospital, compared themselves to contract technologists who were not employed by the VA Hospital. Report and Recommendation at 10. Plaintiffs offer no evidence to counter the Magistrate Judge's conclusion that contract technologists and the Plaintiffs were not similarly situated. As the Magistrate Judge concisely put it, Plaintiffs attempted to "compare apples to oranges." Id. Plaintiffs as full-time employees of a federal agency enjoyed fringe benefits, including paid vacation time, health insurance and retirement benefits. By contrast, the higher paid contract technologists were self-employed, with no rights under the federal personnel system, no fringe benefits and they served only for temporary contract terms. It is beyond dispute that Plaintiffs, as employees, were not similarly situated to the contract technologists. See generally Barbour v. United Beechcraft, Inc., No. 96 C 50251, 1998 WL 803417 at *6 (N.D. Ill. Nov. 10, 1998) (higher paid independent contractor and employee were not similarly situated and it was "impossible to compare the two").

### 3. Gender Discrimination in Promotion

Plaintiffs also claim that Khatib discriminated against them by placing a male contract technologist, Chris Stokes ("Stokes"), "in charge over them." Second Amended Complaint at ¶ 31. This allegation relates to Khatib's assigning Stokes the responsibility of coordinating patient flow as a result of a leave of absence taken by Joan Beaudoin ("Beaudoin"), the chief technologist. The Magistrate Judge found that Plaintiff Lynda Parker was the only Plaintiff potentially aggrieved by the alleged "promotion" because she was the only Plaintiff who was not on a leave of absence at the time of the alleged promotion. Report and Recommendation at 12 n.3. Plaintiffs do not dispute this finding.

The Magistrate Judge determined that it was undisputed that Stokes did not receive any additional compensation for the added patient flow responsibilities. Report and Recommendation at 11. The record also reflects that in or around June 2004, when Khatib assigned the patient flow responsibilities to Stokes, he also assigned the responsibilities to Tanessa Karmozyn ("Karmozyn"), a female staff technologist. The Magistrate Judge concluded that because Khatib delegated the same responsibilities to a male and a female there was no evidentiary basis to infer gender discrimination. Report and Recommendation at 11-12.

Plaintiffs argue that it was contrary to "Federal regulations to have a contract employee [Stokes] in charge of the regular VA employees." Plaintiffs Objection to Report and Recommendation at 4. Plaintiffs do not elucidate on how this purported violation of federal regulation is relevant to their theory of gender discrimination. "[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived." United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990). "[A] litigant has an obligation to spell out its arguments squarely and distinctly, or else forever hold its peace." Id. (internal quotation marks and citation omitted).

Plaintiffs now attempt to challenge the Magistrate Judge's factual finding that it was undisputed that Stokes did not receive any additional compensation for the patient flow responsibilities. Plaintiffs did not, however, object to Defendant's factual assertion that Stokes did not receive any additional compensation for the patient flow responsibilities. Thus, for purposes of summary judgment, Plaintiffs have admitted that fact. See generally DRI LR Cv 56(a)(3) (any fact alleged in movant's statement of undisputed facts is admitted unless expressly denied or otherwise controverted). Additionally, Plaintiffs offer no evidence to support their

contention that Stokes received a pay raise <u>specifically</u> for the patient flow responsibilities.

Plaintiffs admit that Khatib assigned a female staff technologist, Karmozyn, to share the same patient flow responsibilities assigned to Stokes. Plaintiffs, however, attempt to gloss over the significance of this admission by speculating, without any reference to support in the record, that Khatib assigned the same duties to Karmozyn "<u>presumably</u> when there was not a male to do it. . . ." Plaintiffs' Objection to Report and Recommendation at 4 (emphasis added). This wholly unsupported allegation falls woefully short of the standard Plaintiffs must meet to avoid summary judgment. <u>Feliciano de la Cruz v. El Conquistador Resort and Country Club</u>, 218 F.3d 1, 5 (1st Cir. 2000) (even in employment discrimination cases, the summary judgment standard "compels summary judgment if the non-moving party rests merely on conclusory allegations, improbable inferences, and unsupported speculation").

B. Retaliation
1. The Backlog

Plaintiffs object to the Magistrate Judge's "[c]onclusion that there was not [s]ufficient [e]vidence of [r]etaliation for [p]rotected Title VII [a]ctivity and that Plaintiffs could not [r]easonably have thought there was [r]etaliation." Plaintiffs' Objection to Report and Recommendation at 5. Plaintiffs object to the Magistrate Judge's "[w]rongful [c]onclusion [w]ith [r]egard to the [d]iscriminatory and [r]etaliatory [p]urpose of the [b]acklog." <u>Id.</u> at 11. For the most part, Plaintiffs make the same arguments they made before the Magistrate Judge. Plaintiffs allege that Khatib fabricated the existence of the back log to justify changing the workweek from a four-day workweek to a five-day workweek. Plaintiffs argue that Khatib's decision to expand the workweek was illegally motivated by the complaints Plaintiffs made

about Khatib at a January 2004 meeting with Dr. Sta Ines, the physician-in-charge of the department.

The Magistrate Judge found that Plaintiffs failed to adduce sufficient evidence to support a rational finding that Khatib's articulated reason (changing the workweek from four days to five days to address the backlog in pending examinations) was pretext and that his real motive was retaliation. Report and Recommendation at 14. With respect to the proposed change to the five-day workweek and the backlog, the Magistrate Judge found, among other things, that the change from a four-day to five-day workweek was never instituted as to Plaintiffs. Id. at 15. Plaintiffs do not challenge the Magistrate Judge's finding that the five-day workweek was never instituted as to them.[2] To make a prima facie case of retaliation a plaintiff must show that she suffered an adverse employment action. Fantini v. Salem State College, 557 F.3d 22 (1st Cir. 2009). Plaintiffs' claim here fails because the adverse action (the five-day workweek), although discussed, was never instituted for Plaintiffs.

## 2. Increased Scrutiny Allegations

Plaintiffs present the Court with a five-page disjointed hodgepodge of allegations in "support" of the claim that Plaintiffs were subjected to a retaliatory pattern of increased scrutiny of their work performance ("increased scrutiny allegations") and were unfairly disciplined. See Plaintiffs' Objection to the Report and Recommendation at 5-10. In reviewing Plaintiffs' increased scrutiny allegations, the Magistrate Judge found that Plaintiffs failed to present sufficient evidence to support a reasonable inference of causal connection between the alleged

---

[2] Plaintiffs did not dispute Defendant's statement of undisputed fact that the five-day workweek was never instituted with respect to Plaintiffs.

8

adverse action and the protected activity or failed to show that Defendant's proffered justification was pretextual. Report and Recommendation at 17. In addition, the Magistrate Judge also found that "the alleged incidents of retaliation by Khatib [were] additionally flawed" because they were not materially adverse. Id. (emphasis added).

The Court notes that Plaintiffs' five-page conglomeration of increased scrutiny allegations is almost exactly the same material that Plaintiffs presented to the Magistrate Judge. For the most part, Plaintiffs merely "cut and pasted" from the memorandum that was submitted to the Magistrate Judge and resubmitted it to this Court. Plaintiffs have not pointed this Court to any genuine issue of material fact or to any specific objection to the Magistrate Judge's findings except to inform the Court that they object to the conclusion that there was insufficient evidence in the record to support a claim of retaliation. As a result, the Court's review of the increased scrutiny allegations is for clear error. Espada-Santiago, 2009 WL 702350 at *1. The Court, notes, however that its determination would be the same under de novo review. See generally United States v. Alonso, 602 F. Supp. 2d 297 (D.P.R. 2008) (record required clear error review but court noted that court's determination would be the same under a de novo review).

The Court has reviewed all of Plaintiffs' increased scrutiny allegations. The Court finds that Plaintiffs' retaliation claims fail because the increased scrutiny allegations are either (1) not materially adverse employment actions, (2) based on unsupported speculation or conclusory allegations, (3) based on undeveloped argument, or (4) not supported in the record. This Court, however, like the Magistrate Judge, specifically addresses several of Plaintiffs' allegations that are instructive and representative of the entirety of Plaintiffs' increased scrutiny allegation claims.

<u>Plaintiff Lynda Parker ("Parker")</u>

Parker argues that "Khatib and Stokes purposely altered patient flow to make [her] job difficult." Plaintiffs' Objection to the Report and Recommendation at 7. Parker fails to clarify when this alleged incident occurred and she fails to explain how her job became more difficult as a result. Parker's deposition testimony cited in support of this allegation describes <u>one</u> incident where Stokes allegedly altered patient flow. This one alleged instance of alleged patient flow disruption is not a materially adverse employment action. <u>Burlington Northern and Santa Fe Railway Co. v. White</u>, 548 U.S. 53, 67 (2006); <u>Billings v. Town of Grafton</u>, 515 F.3d 39 (1st Cir. 2008).

Parker argues that, Karmozyn, the female technologist who shared the patient flow responsibilities with Stokes, was her former student and Khatib knew that Karmozyn "fostered ill will against Parker, knew that she was less senior, and placed her in charge to humiliate Parker." Plaintiffs' Response to Defendant's Response to Plaintiffs' Objection to Report and Recommendation at 10. Parker, however, offers no evidentiary support whatsoever for these conclusory allegations. <u>See</u> <u>Feliciano de la Cruz</u>, 218 F.3d at 5

Parker also alleges that Khatib "micromanaged [her] to the point where he demanded to know when [she] went to the bathroom, but allowed his male employees to wander unfettered and unchecked." <u>Id.</u> at 10. In support of this allegation Parker merely points the Court to "(Parker depo. )." <u>Id.</u> The Court is left with a reference to a deposition without a page reference. It is not the Court's task to search the record to support Parker's position. <u>Zannino</u>, 895 F.2d 1. Even if Parker's allegation was properly supported, Parker fails to point to any materially adverse employment action suffered as a result of this alleged micromanaging by

Khatib. Burlington, 548 U.S. at 67.

### Plaintiff Eileen Ahern ("Ahern")

Ahern argues that when she came back from "stress leave, Khatib staffed CT with contract techs while [she] was sent to x-ray." Plaintiffs' Response Memorandum at 11. Ahern argues that there was "no need to send [her], a CT tech to x-ray to cross train except to humiliate and punish her. There can be no other explanation then [sic] these assignments by Khatib were meant to be humiliating." Id. Ahern offers no evidentiary support for these conclusory allegations. See Feliciano de la Cruz, 218 F.3d at 5. Ahern fails to acknowledge that the assignment was to enable her to receive training and that the assignment lasted less than two weeks. Ahern admitted this fact by failing to object to it in Defendant's statement of undisputed facts. A less than two-week temporary assignment under these particular circumstances does not constitute a materially adverse employment action. Burlington, 548 U.S. at 67.

Ahern also argues that she "was physically threatened by Khatib, and believed that Khatib was going to strike her but she moved before he did[.]" Plaintiffs' Objection to Report and Recommendation at 9. Ahern makes no attempt to place a time frame on this allegation nor develop this "argument." The allegation appears to involve a situation in October 2004 where Khatib informed Ahern that two people complained to him that Ahern was intimidating them. Ahern admits, however, that Khatib never hit her, never threatened to hit her, never raised his hand and never touched her. This allegation is based entirely upon Ahern's subjective belief that Khatib "could have" hit her because they were "quite close" but she "moved before he did." Ahern Deposition at 189. As such it is no more than supposition and/or speculation. See Feliciano de la Cruz, 218 F.3d at 5.

Plaintiff Debra Auger ("Auger")

Auger argues that she was inappropriately disciplined by Khatib for taking a picture of two individuals visiting the VA Hospital. The Magistrate Judge adequately addressed Plaintiffs' arguments and Plaintiffs fail to point this Court to any specific error that the Magistrate Judge made in his analysis. See Report and Recommendation at 18.

As further evidence of retaliation, Auger points to Khatib's direction to Beaudoin to discipline Auger for an incident that occurred when Auger was not on duty. In May 2004, Auger was called into the office and given a "report of contact." Auger Deposition at 67. Auger refused to sign the report and did not know if it became part of her personnel file. Auger did not receive any formal letter of reprimand and at her deposition agreed that the incident did not "negatively" affect her employment. Id. at 70. The report of contact is a two-sentence document noting that Auger "denied any knowledge" of the practice that lead to the report of contact and that the "practice never occurred when she was present in CT. . . ." Defendant's Exhibit 71. A report of contact does not constitute employee discipline at the VA Hospital. Auger suffered no materially adverse employment action as a result of the report of contact. Burlington, 548 U.S. at 67.

Plaintiff Maureen Mastalerz ("Mastalerz")

Mastalerz argues that she was forced to meet with Khatib weekly for eight weeks[3] and that she was "berated" about her job performance at these meetings. Plaintiffs' Objection to Report and Recommendation at 8. Mastalerz does not identify when these meetings occurred nor

---

[3] It is not entirely clear from the record whether Mastalerz is alleging that the conduct occurred during an eight week period or some other period of longer duration. This confusion, however, is not significant as Mastalerz fails to offer any evidence that these meetings were materially adverse employment actions.

does she point the Court to any adverse consequences of the meetings with Khatib. Additionally, Mastalerz offers no evidence that these meetings were materially adverse employment actions. Burlington, 548 U.S. at 67.

Ahern, Auger, and Mastalerz also argue that they were retaliated against because they were reprimanded for failing to immediately contact the radiologist on duty when an emergency CT scan was waiting to be read. Plaintiffs fail to develop any argument with respect to this allegation and simply state that "Ahern, Auger and Mastalerz were reprimanded for leaving telephone messages to the call Radiologist was [sic] deliberate retaliation against them by . . . Khatib."[4] Plaintiffs' Response Memorandum at 12. Plaintiffs recycle the same argument made before the Magistrate Judge. The Magistrate Judge adequately addressed Plaintiffs' arguments and Plaintiffs fail to point this Court to any specific error that the Magistrate Judge made in his analysis. See Report and Recommendation at 20.

Ahern and Mastalerz argue that Khatib "targeted" their sick leave "despite lax enforcement otherwise" in the department. Plaintiffs' Objection to the Report and Recommendation at 8. Neither Ahern or Mastalerz develop this argument or point to a specific time frame or duration when this incident or incidents occurred. In addition, neither Ahern or Mastalerz show any materially adverse employment action suffered as a result Khatib's alleged scrutiny. Burlington, 548 U.S. at 67.

Plaintiffs object to the Magistrate Judge's conclusion that Plaintiffs could not rely upon a timing argument to establish a triable issue of causal connection concerning Plaintiffs' increased scrutiny allegations. See Report and Recommendation at 17. This Court need not entertain

---

[4]This is the incident that resulted in Auger receiving the report of contact discussed above.

13

Plaintiffs' causation argument because even if the Magistrate Judge's causation conclusion was in error, Plaintiffs' retaliation claims based on the increased scrutiny allegations would still fail. The Magistrate Judge also found, and this Court agrees, that the alleged incidents of retaliation were not materially adverse. Report and Recommendation at 17. Consequently, even if Plaintiffs met the causation element of their prima facie claim, Plaintiffs would still fail to meet the materially adverse employment action element of their claim. Dressler v. Daniel, 315 F.3d 75 (1st Cir. 2003) (prima facie elements of retaliation claim are (1) protected conduct, (2) adverse employment action, and (3) causal connection).

### C. Constructive Discharge

Plaintiffs object to the "[f]indings of the Magistrate [Judge] with regard to [c]onstructive [d]ischarge and his [w]hole [a]cceptance of [f]acts in the [l]ight [m]ost [f]avorable to the [m]ovant." Plaintiffs' Objection to Report and Recommendation at 13. Plaintiffs argue that their resignations were a reasonable response to the VA Hospital's alleged illegal conduct. Plaintiffs contend that they were forced to resign as a result of a pervasively hostile work environment. Plaintiffs object to the Magistrate Judge's conclusion "about the [m]eaning of the September 30, 2004 Report [by the reviewing team] and [the Magistrate Judge's] [w]hole [a]cceptance of [f]acts in the [l]ight [m]ost [f]avorable to the [m]ovant and [the Magistrate Judge's] failure to [a]scertain [h]ow the [r]esults [s]upport a [c]laim of [c]onstructive [d]ischarge." Plaintiffs' Objection to the Report and Recommendation at 1.

The Magistrate Judge found that Plaintiffs' waived their constructive discharge claim. Plaintiffs, once again, ignore that finding. Defendant moved for summary judgment on all counts in the complaint including Plaintiffs' constructive discharge claim. Plaintiffs chose to respond to

Defendant's constructive discharge argument with a two-sentence rebuttal. Plaintiffs cited to Calhoun v. Acme Cleveland Corp., 798 F.2d 559 (1st Cir. 1986), and argued that constructive discharge is "found where the employees' resignation was a reasonable and foreseeable response to the employer's illegal conduct." Memorandum in Support of Plaintiffs' Motion in Objection to Defendant's Motion for Summary Judgement at 22. Plaintiffs then summarily concluded that "[c]learly the Plaintiffs' decision to leave the VA . . . . is a reasonable and foreseeable consequence of the Khatib discriminatory behaviors . . . that have been ratified by the VA." Id. The Court agrees with the Magistrate Judge that Plaintiffs' response is "wholly inadequate." Report and Recommendation at 24. Plaintiffs have waived their constructive discharge claim. Zannino, 895 F.2d at 17.

Even if Plaintiffs had not waived their constructive discharge claim it would fail on other grounds. After thoroughly reviewing the record, the Magistrate Judge found that Plaintiffs' constructive discharge claim failed because a reasonable person in Plaintiffs' shoes would not have felt compelled to resign. See Report and Recommendation at 23-24. Plaintiffs now argue that the Magistrate Judge was "clearly viewing the evidence in the light most favorable to the Movant" and that the "pervasiveness of hostility" is unsuited for resolution on a motion for summary judgement. Plaintiffs' Objection to Report and Recommendation at 13. Plaintiffs argue that the report of the review team was a "whitewash" of the hostile work environment at the VA Hospital and that the report demonstrated that Khatib was an ineffective manager. Id. at 1. Plaintiffs argue that they were forced to leave employment by the "constant retaliatory harassment of [sic] Khatib." Plaintiffs' Response Memorandum at 13. Plaintiffs conclude that it is not "unreasonable for an employee that [sic] has complained against a manager to resign

15

against her will when no amount of complaining about that manager's treatment will avail relief from that manager's harassment." Id. In essence, Plaintiffs argue that they were forced to leave because of "bad management. . . ." Plaintiffs' Objection to Report and Recommendation at 2.

Title VII is not a general civility code for the American workplace. Rios-Jimenez v. Principi, 520 F.3d 31 (1st Cir. 2008). As the Magistrate Judge noted, in order for Plaintiffs to avoid summary judgment on their constructive discharge claim they must point to some evidence in the record showing that "working conditions were so difficult or unpleasant that a reasonable person in [her] shoes would have felt compelled to resign." Lee-Crespo v. Schering-Plough Del Caribe, Inc., 354 F.3d 34, 45 (1st Cir. 2003) (internal quotation marks and citation omitted). In order for a resignation to constitute constructive discharge it must be "void of choice or free will." Meuser v. Federal Express Corp., 564 F.3d 507, 522 (1st Cir. 2009) (internal quotation marks and citation omitted). The reasonable person test is met if "based on an objective assessment of the conditions under which the employee has asserted [she] was expected to work, it could be found they were so difficult as to be intolerable." Id. (internal quotation marks and citation omitted).

It is clear from the record that Plaintiffs viewed Khatib as a bullying and condescending supervisor with ineffective management skills. Thus, viewing the record in the light most favorable to Plaintiffs, Plaintiffs "have had the unfortunate experience of working under an overbearing micromanager. But without more, the law does not recognize this type of workplace unpleasantry as actionable." Tsehaye v. William C. Smith & Co., Inc., 402 F. Supp. 2d 185, 194 (D.D.C. 2005), aff'd, 204 F.App'x 901 (D.C. Cir. 2006). While the Court does not wish to trivialize the negative consequences that may flow from working for such an individual,

Plaintiffs have failed to establish a genuine issue of material fact for trial.

### III. Conclusion

For these reasons, as well as those set forth in Defendant's Response to Plaintiffs' Objection to the Report and Recommendation, this Court adopts the Report and Recommendation in its entirety. Defendant's motion for summary judgment is GRANTED.

SO ORDERED

_/s/ Mary M. Lisi_
Mary M. Lisi
Chief United States District Judge
June 9, 2009